IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARBARA WOLFE,

    Plaintiff,

v.                                           Civil Action No. PX 16-1239

RICARDO BAILEY II, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Petitioner Barbara Wolfe ("Plaintiff") brings this negligence action against Co-Defendants Ricardo Bailey ("Bailey"), Saundra Lord ("Lord"), and Jacqueline Reed ("Reed") for injuries sustained during a car crash involving all four parties. ECF No. 2. Pending before this Court is a Motion for Summary Judgement and a Motion for Rule 11 Sanctions by Defendant Bailey. ECF No. 33. The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6. For the reasons stated below, Defendant Bailey's Motion for Rule 11 Sanctions is DENIED and Motion for Summary Judgment is GRANTED.

### I.     Background

**A. The Incident[1]**

On April 16, 2015, Plaintiff was driving southbound on Branch Avenue at or near its intersection with Allentown Road, in Prince George's County, Maryland. ECF No. 38 at 3. A BMW was stopped directly in front of Plaintiff on the highway. *Id.* at 4. Plaintiff came to a stop without hitting the BMW. *Id.* Plaintiff, however, was rear ended when the three cars traveling in a line immediately behind her could not and did not stop. *Id.* The order of vehicles involved in

---

[1] The following facts are taken in the light most favorable to the non-moving parties, Plaintiff, Lord, and Reed.

this chain-reaction crash was Plaintiff, Bailey, Lord and Reed. *See* ECF No. 38. At bottom, therefore, the case turns on who among the three defendant drivers, if any, remains liable for Plaintiff's injuries.

### B. Procedural Background

On April 26, 2016, Plaintiff filed her negligence action against all Defendants in Prince George's County Circuit Court seeking reimbursement for past and future medical expenses, damage to her vehicle, loss of earning capacity, and pain and suffering. ECF No. 2 at 4. Defendant Bailey removed this action on April 26, 2016 to this Court based on diversity jurisdiction. ECF No. 1 at 2. Defendants then answered and filed cross claims. ECF Nos. 12, 14, 22. Bailey's cross claim avers that the accident resulted from the negligence of the other drivers, and thus seeks contribution and/or indemnification for any judgment rendered. ECF No. 13 at 1-2. The crossclaims asserted by Lord and Reed similarly allege the accident was caused by the negligence of their counterparts, triggering rights to indemnity, subrogation, and/or contribution for any judgement rendered. ECF No. 17 at 1; ECF No. 23 at 1.

On January 17, 2017, Bailey moved for summary judgement, contending that the evidence construed in the light most favorable to the non-moving parties cannot establish Bailey's negligence. ECF No. 33 at 1. Additionally, Bailey seeks sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure against Reed, contending that she lacked any good faith basis in pursuing the claims against him. ECF No. 33-1 at 5. Reed has opposed Bailey's summary judgment motion. ECF No. 36 at 1. Plaintiff does not oppose the motion for summary

judgement, as long as the Court precludes any party from claiming at trial that Bailey caused or contributed to the accident.[2] ECF No. 39 at 1. Lord has not responded to Bailey's motion.

## II. MOTION FOR SUMMARY JUDGEMENT

### A. Standard of Review

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, a court may enter summary judgment only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). However, summary judgment is inappropriate if any material fact "may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). The moving party bears the burden of showing that no genuine issue of material fact exists, *see Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979), or that Plaintiff has failed to marshal sufficient evidence proving the nonmoving party's claims. *Celotex*, 477 U.S. at 323. "A party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of [his] pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (internal quotation marks and citation omitted) (alteration in original). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

---

[2] *See* ECF No. 39 at 1 ("Plaintiff does not oppose the Motion for Summary Judgment, assuming that—if the Court grants said Motion—the Court also precludes any party from arguing, at trial, that Bailey negligently caused or contributed to the collision.").

## B. Analysis

Because this action is properly before the Court on diversity jurisdiction, Maryland choice-of-law rules apply. *See Wells v. Liddy*, 186 F.3d 505, 521 (4th Cir. 1999) ("A federal court sitting in diversity must apply the choice-of-law rules from the forum state."). For causes of action sounding in tort, Maryland adheres to the *lex loci delicti* rule, applying the substantive law of the state in which the alleged tort took place. *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744–45 (2000).

This car crash occurred in Maryland, so Plaintiff's negligence claim is dictated by Maryland law. Accordingly, the plaintiff must demonstrate: "(1) that the Defendant was under a duty to protect the plaintiff from injury, (2) that the Defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the Defendant's breach of the duty." *Id.* (quoting *Horridge v. St. Mary's Cnty. Dep't of Soc. Servs.*, 382 Md. 170, 182 (2004)). Importantly, in the context of a rear-end collision, the Maryland Court of Appeals in *Brehm v. Lorenz,* 206 Md. 500, 506 (1955), clearly held that "the plaintiff must produce some evidence that the defendant, either by his act or omission, violated some duty incumbent upon him that caused the injury." Otherwise, the case against the defendant cannot survive summary judgment. *Id.* ("A mere surmise that there may have been negligence on the part of the defendant will not justify the court in submitting the case to the jury.").

Here, no evidence exists that Bailey drove negligently. Nothing suggests, for example, that Bailey could have avoided being propelled into Plaintiff's car, breaching his duty of care as the driver behind Plaintiff. *See Cabrera v. W. Exp., Inc.*, No. SAG-12-CV-0041, 2012 WL 4105684, at *1 (D. Md. Sept. 14, 2012), a*ff'd sub nom. Cabrera v. Brown*, 520 F. App'x 210 (4th Cir. 2013) (granting summary judgment where "no evidence that [Defendant driver] failed to

keep a proper lookout, failed to obey speed restrictions, failed to maintain proper distance between his vehicle, [or] . . . failed to exercise the requisite degree of care."); *see also Brehm*, 206 Md. at 505. Rather, Plaintiff testified in deposition that immediately before impact, she saw in her rear view mirror that Bailey's car had come to a complete stop, ECF No. 38 at 4, and no other witnesses testified to any driver error on Bailey's part. Accordingly, the evidence as it stands does not amount to negligence as to Bailey.

Reed unsuccessfully attempts to muddy the waters by highlighting the discrepant number of impacts Plaintiff claims to have felt. ECF No. 36 at 2. Specifically, Reed notes that Plaintiff told her insurance company in a recorded statement that she felt three impacts, thus suggesting that Bailey hit Plaintiff's car before Bailey's car itself was hit. *Id.* at 5. However, it is undisputed that Bailey hit Plaintiff's car; whether that occurred because Bailey was propelled into Plaintiff by virtue of another car first hitting him, or because Bailey hit Plaintiff prior to being hit by Lord essentially misses the point. Under *Brehm*, the case against Bailey will not proceed to the jury unless some evidence exists demonstrating Bailey's negligence. *See Brehm*, 206 Md. at 506.

Notably, Reed also does not address that Plaintiff later testified to having been confused by the "impacts" question, and once she received clarification, subsequently maintained that she felt two impacts. ECF No. 38 at 17. A miscommunication concerning a confusing question later clarified does not constitute a genuine issue of material fact. This is nothing more than "some metaphysical doubt as to the material facts," insufficient to withstand summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). At bottom, Plaintiff's testimony, taken in the light most favorable to Reed, demonstrates that she is unable to recall the number of impacts. That failure of perfect recall does not amount to affirmative evidence that Bailey drove negligently. *See Carter v. Newsday, Inc.*, 528 F. Supp.

5

1187, 1191 (E.D.N.Y. 1981) ("Nor may the nonmovant rely on deposition statements to the effect that the deponent 'does not remember' a particular fact, as a means of putting that fact in issue."). Simply put, Reed has not marshaled any evidence of Bailey's negligence. Accordingly, construing the evidence in the light most favorable to all non-moving parties, the motion for summary judgment is granted, and all claims are dismissed as to Bailey.

Likewise all cross claims for indemnity and contribution asserted against Bailey must be dismissed. In Maryland, contribution is available among joint tortfeasors under the Uniform Contribution Among Tort–Feasors Act. *Richards v. Freeman*, 179 F. Supp. 2d 556, 560 (D. Md. 2002) (citing Md. Code Ann. (1974, 1998 Repl.Vol.), Cts. & Jud. Proc. §§ 3–1401, *et seq.*). Additionally, a person may have a right to indemnity through a contract implied in law when that person, " 'without personal fault, has become subject to tort liability for the unauthorized and wrongful conduct of another.' " *Pulte Home Corp. v. Parex, Inc.*, 403 Md. 367, 382 (2008) (quoting Restatement of Restitution § 96). Finally, equitable subrogation is "the substitution of one person to the position of another" *G.E. Capital Mortgage Servs v. Levenson*, 657 A.2d 1170, 1175 (Md. 1995). All theories of recovery, however, are predicated on liability being established as to the party against whom indemnity, contribution, or subrogation is sought. Here, no reasonable trier of fact can find that Bailey was negligent, and thus he cannot be a joint tortfeasor. Accordingly, all claims against Bailey are dismissed, and he is no longer a party to this action.

### III.  MOTION FOR RULE 11 SANCTIONS

Bailey's motion for summary judgment incorporates a motion for Rule 11 sanctions against all parties for including him in this action. ECF No. 33 at 2. Pursuant to Rule 11, sanctions are reserved for extreme conduct. *See* Fed. R. Civ. P. 11(c). A Rule 11 motion must be

6

filed as a separate motion. Fed. R. Civ. P. 11(c)(2). Additionally, the party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing it with the district court to encourage informal resolution prior to court intervention. *Id.* If the conduct forming the basis of the grievance has not been corrected, the moving party may then request that the Court impose sanctions. Fed. R. Civ. P. 11(c)(1). Failure to comply with these procedural requirements precludes the imposition of sanctions. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004) (citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995)). Accordingly, because Bailey did not comport with the Rule 11 requirements, the Court denies his request for sanctions.

## IV. CONCLUSION

For the reasons stated above, Defendant Bailey's Motion for Rule 11 Sanctions is DENIED and Motion for Summary Judgment is GRANTED. All claims against Bailey shall be dismissed and he is no longer a party to this action. A separate order will follow.

| | |
|---|---|
| 6/12/2017 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |