IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA WOLFE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-1239 |
| RICARDO BAILEY II, *et al.*, | * | |
| Defendants. | * | |

******

**MEMORANDUM OPINION**

Plaintiff Barbara Wolfe brought this negligence action against former Defendant Ricardo Bailey and co-Defendants Saundra Lord and Jacqueline Reed for injuries sustained during a car crash involving all four parties. ECF No. 2. Previously, after a full round of briefing, this Court granted a motion for summary judgment in favor of Defendant Bailey and dismissed all claims against him. ECF Nos. 44, 45. Now pending before the Court is a motion for summary judgment by Defendant Lord. ECF No. 41. The motion is opposed by Defendant Reed, ECF No. 43, but not opposed by Wolfe provided that at trial no party may claim that Lord caused or contributed to the accident, ECF No. 46.

Bailey and Lord were the drivers of the two middle cars involved in the four-car collision that is the basis for this case. After reviewing the parties' submissions in connection with Lord's motion, the Court has determined that the evidence in the record and the legal issues relevant to Lord's motion for summary judgment are, for all intents and purposes, the same as those the Court discussed in its Memorandum Opinion granting Bailey's earlier motion. *See* ECF No. 44. Attempting to suggest otherwise, Defendant Reed points to Lord's deposition testimony that she

1

"slammed" on her breaks in response to the stopped car ahead of her and that she did not know why the car ahead of her had stopped:

> Q. . . . Now, it's my understanding that, at some point in time, you see traffic ahead of you come to a stop; is that correct?
> **A. I didn't see anybody stop. I just saw taillights, bright red taillights and that's basically what I saw.**
> Q. Okay. Bright red taillights of just the vehicle ahead of you or of all the cars ahead of you?
> **A. No, just the vehicle ahead of me.**
> Q. Were you able to see beyond that vehicle?
> **A. No. . . . I shouldn't say I couldn't see. I might have been able to, but I didn't, I wasn't looking.**
> Q. Okay. You were focused on the car ahead?
> **A. Yes, with red taillights.**
> . . .
> Q. And you saw [the speed of the car ahead of you] reduce?
> **A. You know, I don't know. As I say, what I saw were the taillights. I don't know anything about what that car in front of me was doing, or I mean, I just – it was just there. The brake lights were just there, and I slammed my brake on.**
> . . .
> Q. Was there anything different with the manner in which these brake lights came on ahead of you that day than when you normally drive?
> **A. They were very sudden.**
> Q. Okay. But you don't know why it was sudden?
> **A. No.**
> . . .
> Q. Okay. And you didn't hit that vehicle ahead of you while you were slowing down, correct?
> **A. No.**
> Q. And you were then hit from behind?
> **A. Yes.**
> . . .
> Q. So you're in the process of slowing down and you get hit from the back?
> **A. Yes.**
> . . .
> Q. And that pushed you into the car ahead?
> **A. Yes, it did, but I had no damage to my front end.**

Lord Dep. 11:3-15:10, Oct. 12, 2016.

2

As this Court previously discussed in its first memorandum opinion, to withstand a motion for summary judgment in the context of a rear-end collision, a party "must produce some evidence that the defendant, either by his act or omission, violated some duty incumbent upon him that caused the injury." *Brehm v. Lorenz*, 206 Md. 500, 506 (1955). That Lord had to "slam" on her breaks in response to a sudden application of brakes ahead of her, or that her attention was paid to the brake lights of the car in front of her and not the cars further ahead, does not give rise to a plausible inference that Lord was negligent. Reed has offered no affirmative evidence that Lord had failed to maintain a safe distance, or that she was engaged in any other activity that might have diverted her attention from the road.

Reed similarly misses the mark in arguing that Lord has offered "contradictory" testimony regarding whether she slowed down at all. Reed isolates, out of context, Lord's phrase "I can't say I slowed" as evidence of negligence because it contradicts her otherwise claiming to have stopped safely. However, Lord testified:

> Q. And then you started to slow your vehicle?
> **A. Well, I braked. I mean, it was more than just slow. It was just almost a stop. I mean, I, you know, it's hard to say because it was so long ago, and if you don't think about these things then, but it just, I saw the brake lights and I stopped, but I can't say I slowed, you know, whatever – when you apply your brake, just how much further you go.**

Lord Dep. 13:12-:21.

Lord's testimony, read in its entirety and in the light most favorable to Reed, must be taken to mean that Lord cannot say she slowed down because she did more than just slow down—Lord "stopped." And no other record evidence suggests that Lord was negligent in stopping. To the contrary, Reed testified that it was she (Reed) who could not stop in time and hit Lord after Lord had already come to a stop. Reed Dep. 18:9-20:20, Oct. 12, 2016.

In short, this Court finds that Reed cannot point to more than the "mere existence of a scintilla of evidence" that tends to support an inference of Lord's negligence, which is insufficient to withstand summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Muchira v. Al-Rawaf*, 850 F.3d 605, 616 (4th Cir. 2017). Therefore, based on the same legal analysis more fully explained in the Court's memorandum opinion at ECF No. 44, Lord's Motion for Summary Judgment is GRANTED. No party may argue at that Lord negligently caused or contributed to the collision. All claims against Lord shall be dismissed, and Lord no longer is a party to this action. A separate order will follow.

9/27/2017
Date

/S/
Paula Xinis
United States District Judge