IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARBARA WOLFE

v. : Civil Action No. PX 16-1239

JACQUELINE REED

**MEMORANDUM OPINION**

**I.  Background**

Pending in this tort action is the Defendant's motion to exclude Plaintiff's trial exhibits 11 and 15. (ECF No. 69). The matter was discussed at the pretrial conference held on March 8, 2018. The Court has received briefing. Upon consideration, the Court DENIES the motion.

This automobile collision case has been pending since April 26, 2016. On March 6, 2018, Plaintiff Barbara Wolfe sent Defendant her proposed trial exhibits. Exhibits 11 and 15 are two single-page invoices for medical bills related to Plaintiff's neck and carpal tunnel surgeries. One exhibit reflects $91,350.70 of expenses related to Plaintiff's neck surgery on October 2, 2015. The other shows $12,533.04 related to Plaintiff's bilateral carpal tunnel surgery of December 9, 2016. (ECF Nos. 70, 70-2, 72).

Defendant moved to suppress these exhibits because Plaintiff failed to properly disclose them during discovery. (ECF No. 70). Plaintiff argues that both exhibits should be allowed because the discovery failure was inadvertent, any prejudice could be cured, and Defendant was on notice as to the surgeries. (ECF No. 73). Defendant argues that the exhibits should be excluded because Plaintiff failed to disclose these invoices in a timely fashion despite the obligation to do so, that the costs reflected in these new bills adds over $100,000 in total medical expenses, and Defendant's expert neurosurgeon is unavailable for a follow-up *de bene esse*

deposition[1] to opine on these bills before trial set to begin March 20, 2018. Defendant contends that any other form of evidence or testimony as to the fairness or reasonableness of these charges would not cure the prejudice and so exclusion is warranted. (ECF No. 74).

## II. Analysis

Pursuant to Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." To determine whether nondisclosure was substantially justified or harmless, courts look to five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). "The first four factors . . . relate primarily to the harmlessness exception, while the last factor . . . relates mainly to the substantial justification exception." *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 190 (4th Cir. 2017). "The burden of establishing these factors lies with the nondisclosing party[.]" *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014).

### A. Medical bill related to neck surgery

Defendant knew of Plaintiff's neck surgery and the surgeon's fees, and had received supporting medical records well within the discovery period. Defense expert neurosurgeon, Dr. Donald G. Hope, viewed these records prior to testifying at his *de bene esse* deposition, and specifically opined that based on his thirty years of experience, and having performed hundreds

---

[1] A *de bene esse* deposition is used to preserve trial testimony when the witness is unavailable to testify at trial.

of similar surgeries annually, Plaintiff's surgery was not causally connected to the car collision. Thus, although Defendant lacked specific notice of the particular single page of charges related to this surgery, she knew and had been given all underlying documentation regarding the nature and extent of the surgery, as well as the facility in which the surgery was performed. In this context, the additional page of surgery-related charges from the facility may be new to Defendant but not unforeseeable.

Defendant has asserted prejudice arising from Dr. Hope's unavailability to supplement his *de bene esse* deposition before trial. Plaintiff, however, has responded that should Defendant wish for Dr. Hope to opine on the fairness and reasonableness of the charges included within the single page exhibit, Plaintiff would not object to reading into the record an affidavit prepared by Dr. Hope should he have any opinions in this regard. Alternatively, Plaintiff has offered to supplement Dr. Hope's testimony by phone deposition or in any other manner chosen by Defendant and at Plaintiff's expense.[2]

Defendant claims this concession would not cure her prejudice but has not explained why. Nor has Defendant addressed whether Dr. Hope could be available for testimony by phone *at any point* between now and the conclusion of trial, roughly two weeks' time. Given that the related bill is a single page, involves surgery which Dr. Hope has performed countless times, and Dr. Hope has previously reviewed and relied upon all of Plaintiff's related surgery records, the Court finds it difficult to believe that Dr. Hope is simply unable to opine before the conclusion of trial on the narrow question of the fairness and reasonableness of the charges.

Moreover, during the pretrial conference, Plaintiff's counsel pointed out that, due to

---

[2] The Court notes that Dr. Hope was given several other pertinent medical bills in discovery, and at Hope's *de bene esse* deposition, the Defendant did not ask a single question regarding the fairness or reasonableness of any other bills related to Plaintiff's care.

technical difficulties, not all of the expert's *de bene esse* deposition was recorded, meaning that Defendant's counsel already will have to read parts of Dr. Hope's testimony into the record. Thus, the additional prejudice of reading Dr. Hope's supplemental opinion on the fairness or reasonableness of these charges is minimal. It also does not appear that this additional evidence would disrupt the trial. Defendant's expert could still testify, and his testimony could be done in much the same way as it was already planned.

The evidence is clearly very important to Plaintiff. It represents a substantial sum for which Plaintiff is seeking compensation. Excluding this evidence would undermine Plaintiff's ability to be made whole and thus undermine the purpose of the trial.

The Court credits Plaintiff's counsel's representation that the failure to disclose this single-page medical bill was inadvertent and not done in bad faith. Counsel has submitted to the Court his prior written request for all medical bills from the relevant facility, as well as his several letters to Defense counsel documenting Plaintiff's routine supplementation of discovery productions, including medical bills. (ECF No. 72-7, 72-8). It is apparent that the facility did not produce this bill to Plaintiff's counsel, and counsel did not catch the mistake until he began to prepare for trial.

On balance, Plaintiff's error does not prejudice Defendant sufficiently to require exclusion. Defendant was already aware of the surgery and had a chance for her expert to review records from the surgery. Dr. Hope has already opined that the surgery *in toto* was not causally related to the collision. However, should the Defendant wish to elicit Dr. Hope's opinion on the fairness and reasonableness of this single page of charges, she may do so in any of the above-described forms and at Plaintiff's expense. Accordingly, the minimal prejudice to the Defendant to elicit Dr. Hope's testimony in a form other than *de bene esse* deposition pales when compared

to the prejudice visited to Plaintiff by exclusion of this evidence, especially when considering that it was borne of counsel's inadvertent omission and not by any design or fault of Plaintiff. Accordingly, the motion to exclude with respect to the facility fee for Plaintiff's neck surgery is denied and Exhibit 11 will be admitted.

### B. Medical bill related to carpal tunnel surgery

Similarly, Plaintiff had previously disclosed in discovery surgeon's records underlying Plaintiff's carpal tunnel surgery and the surgeon's fees, but omitted a single-page bill related to the fees from the facility where the surgery was performed. Again, the late disclosure to Defendant is untimely, but not unforeseen. Similar to Plaintiff's neck surgery, Dr. Hope has personally performed scores of surgeries for patients suffering from carpal tunnel. Dr. Hope also testified that in Plaintiff's case, the need for this surgery was unrelated to the car collision. If Defendant wishes to elicit from Dr. Hope an additional opinion in the alternative (that to the extent the jury finds Plaintiff's carpal tunnel surgery to be causally related to the collision, then these fees are unreasonable), Defendant may do so in any of the above-described forms and at Plaintiff's expense. Plaintiff's Exhibit 15 will also be admitted.

### III. Conclusion

For the foregoing reasons, the motion to exclude Plaintiff's exhibits 11 and 15 is DENIED.

March 12, 2018

/S/
Paula Xinis
United States District Judge